IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

RICHARD FERRY,

        Plaintiff,

   v.

KEVIN DOOHAN, Washington County
Community Corrections (WCCC) Post-Prison
Supervision Officer; JOE SIMICH, WCCC
Assistant Director; STEVE BERGER,
WCCC Director; MICHAEL WU, Oregon Board
of Parole and Post-Prison Supervision
Chair; and JOHN AND JANE DOES, 1-20,

        Defendants.

Case No. 3:18-cv-00153-AC

TEMPORARY RESTRAINING ORDER

HERNANDEZ, Judge.

    Plaintiff brings this civil action *pro se*. Currently before the Court is Plaintiff's request for an emergency temporary restraining order (ECF No. 1). For the reasons that follow, the Court GRANTS Plaintiff's request.

1 - TEMPORARY RESTRAINING ORDER -

## BACKGROUND

Plaintiff is currently on post-prison supervision from a Washington County Circuit Court conviction of Sexual Abuse in the First Degree and Sexual Abuse in the Third Degree. One of the terms of Plaintiff's post-prison release requires Plaintiff to participate in an approved sex offender treatment program, which may include polygraph and plethysmograph testing. Another condition requires Plaintiff to participate "in random polygraph examinations to obtain information for risk management and treatment."

Plaintiff is currently scheduled to appear for a polygraph examination on February 6, 2018. Plaintiff alleges that Defendant Doohan has threatened Plaintiff with further jail time if Plaintiff refuses to participate in the polygraph, and that Defendant Doohan has also threatened Plaintiff with further jail time if he produces a "deceptive" polygraph test result. Plaintiff argues Defendant Doohan's threats constitute unconstitutional compulsion within the meaning of the Fifth Amendment.

## LEGAL STANDARDS

The standard for a temporary restraining order (TRO) is "essentially identical" to the standard for a preliminary injunction. *Chandler v. Williams*, No. CV 08-962-ST, 2010 WL 3394675, at *1 (D. Or. Aug. 26, 2010) (citing *Stuhlbarg Int'l Sales Co., v. John D. Brushy & Co.*, 240 F.3d 832, 839 n. 7 (9th Cir. 2001)); *see also Daritech, Inc. v. Ward*, No. CV–11-570–BR, 2011 WL 2150137, at * 1 (D. Or. May 26, 2011) (applying preliminary injunction standard to motion for TRO).

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Am. Trucking*

*Ass'ns Inc. v. City of L. A.*, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting *Winter v. Nat. Res. Defense Council, Inc.*, 555 U.S. 7, 21 (2008)). In the Ninth Circuit, assuming the other elements of the *Winter* test are met, a "sliding scale" approach may be taken and "[a] preliminary injunction is appropriate when a plaintiff demonstrates ... that serious questions going to the merits were raised and the balance of hardships tips sharply in the plaintiff's favor." *Alliance for the Wild Rockies*, 632 F.3d at 1131–35 ("'serious questions' approach survives *Winter* when applied as part of the four-element *Winter* test").

Under Rule 65(b), a TRO may issue without notice to the opposing party or its attorney, only if the movant shows (1) through "specific facts in an affidavit or a verified complaint" that "immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition[,]" and (2) that "the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1).

Finally, a TRO may issue only if the movant "gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c). However, while the rule's language indicates that security is mandatory, the Ninth Circuit has held that" Rule 65(c) invests the district court with discretion as to the amount of security required, if any." *Johnson v. Couturier*, 572 F.3d 1067, 1085 (9th Cir. 2009) (internal quotation marks omitted). The court "may dispense with the filing of a bond when it concludes there is no realistic likelihood of harm to the defendant from enjoining his or her conduct." *Id.* (internal quotation marks omitted).

## DISCUSSION

The Court finds that, taking the allegations contained in Plaintiff's verified Complaint as true,

that Plaintiff has raised serious questions going to the merits of his claims, and that he has demonstrated that the balance of hardships tips sharply in his favor. Plaintiff risks immediate and irreparable harm if the polygraph occurs (or Plaintiff refuses to participate in the polygraph) before the Court can further consider Plaintiff's claims and obtain the benefit of briefing from Defendants on the merits. Moreover, the Court finds the impact of the relief requested does not reach beyond the immediate parties or potentially affect the public at this juncture. Finally, the Court concludes there is no realistic likelihood of harm to the Defendants from enjoining the conduct at hand, so the Court dispenses with the filing of security. Accordingly, the Court GRANTS Plaintiff's request for a temporary restraining order and prohibits the polygraph examination currently scheduled for February 6, 2018.

## CONCLUSION

IT IS ORDERED that Defendants are hereby ENJOINED from conducting a polygraph examination of Plaintiff until further order from the Court.

The Court notes that, because Plaintiff is appearing *pro se*, he has not fulfilled the requirement of Rule 65 that the movant's attorney certify in writing any efforts made to give notice and the reasons why it should not be required. In fact, the Court record does not indicate whether or when Plaintiff has affected service of process on Defendants. Accordingly, IT IS FURTHER ORDERED that Plaintiff shall properly serve a copy of this Order, along with a Summons and Complaint on Defendants.

The Clerk of the Court is DIRECTED to transmit a copy of this Order to Alan A. Rapplyea, Washington County Counsel, and to Shannon M. Vincent, Assistant Attorney General for State of Oregon.

The Clerk of the Court is further DIRECTED to set this matter for hearing before the Court forthwith.

IT IS SO ORDERED.

DATED this 5 day of February, 2018.

／s／ Marco Hernández
Marco A. Hernandez
United States District Judge